UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>JAN LESLIE CORP., a New York Corporation; JAN LESLIE SILVERSTEIN, an Individual; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. 25-10134<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1. **TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**<br>2. **FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTIONS**<br>3. **COMMON LAW UNFAIR COMPETITION**<br>4. **COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Chrome Hearts LLC ("Chrome Hearts" or "Plaintiff") for its claims against Defendants Jan Leslie Corp., Jan Leslie Silverstein, and DOES 1-10 (collectively, "Defendants") allege as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark infringement and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and related claims of trademark infringement and unfair competition under the common law of the State of New York.

2. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over Plaintiff's state and common law claims pursuant

to 28 U.S.C. § 1367(a), because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendants because Defendants maintain a principal place of business in the State of New York and reside in New York. Defendants also conduct continuous and systematic business in New York, placed the Accused Products (as defined below) in the stream of commerce directed to residents of New York, and derived commercial benefits from the sale of the Accused Products, causing injuries to Plaintiff within the State of New York.

4. Venue is proper under 28 U.S.C. §§ 1391 (b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district and the Court has personal jurisdiction over Defendants.

## THE PARTIES

5. Chrome Hearts is a limited liability company organized and existing under the laws of the state of Delaware, with an office and principal place of business located at 915 North Mansfield Avenue, Los Angeles, California 90038.

6. Upon information and belief, Jan Leslie Corp. is a New York corporation with a principal place of business located at 1 South Farm Road, Sands Point, New York 11050.

7. Upon information and belief, Jan Leslie Silverstein is an individual residing at 389 Fifth Avenue, 500, New York, New York 10016. Jan Leslie Silverstein is the Chief Executive Officer of Jan Leslie Corp. and is an active, moving, conscious force behind the alleged infringement.

8. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1

through 10, inclusive, and therefore sue them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes, and based thereon alleges, that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent and/or remedy such acts and the behavior described herein, which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The Chrome Hearts Brand and its Marks

10. Chrome Hearts is an American luxury brand that has been designing, manufacturing, and selling artistically styled leather goods, apparel, jewelry, and accessories since 1988.

11. Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles, fabric apparel, bags and a wide collection of other products, including furniture, eyewear, and crystal ware.

12. Chrome Hearts® products are sold in the exclusive Chrome Hearts stores throughout the world, on its official website www.chromehearts.com, and

in select specialty stores, such as Selfridges in London and the United Arrows and Dover Street Market Ginza boutiques in Japan.

13. Chrome Hearts® products are also advertised and promoted through Chrome Hearts' Instagram account, @chromeheartsofficial, which has 2.5 million followers.

14. Chrome Hearts is known for combining the look of rugged apparel with fashion attire to make fashion apparel and accessories.  All of Chrome Hearts' leather products are adorned with sterling silver hardware, including all of the buttons and ornamental pieces.  Chrome Hearts is also known for using suede inlay designs in connection with leather clothing.

15. Entertainers, such as Madonna, Drake, Arnold Schwarzenegger, Rihanna, Cher, Kate Hudson, Lebron James, NFL player Caleb Williams, and Billie Eilish can all be seen in Chrome Hearts' fashions.

16. In 1992, the Council of Fashion Designers of America ("CFDA") presented Chrome Hearts with an unsolicited award as designer of the year for its innovative accessories and jewelry designs.  In 1999, Chrome Hearts was featured in the "Rock Style" exhibit at the Costume Institute of the Metropolitan Museum of Art.  In 2022, the CFDA awarded Chrome Hearts the Geoffrey Beene Lifetime Achievement Award, an award that recognizes outstanding designers and their contributions made to American fashion.

17. Most of Chrome Hearts® products, including clothing, denim, and jewelry, are handmade in Los Angeles by Chrome Hearts' craftsmen.  The level of expert workmanship exercised by these individuals is superior, meticulous, extremely detailed, and conforms with the strict standards established by Chrome Hearts.

18. Chrome Hearts® products have been praised and recognized in numerous articles appearing in both trade publications and publications directed to

the general public around the world, including articles in the United States, Germany, Japan and France. These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs. Publications such as Details, Elle, Flaunt, Maxim, FHM Interview, GQ, Complex, and Vogue have all featured Chrome Hearts® products.

19.   Chrome Hearts is the owner of the CHROME HEARTS word mark, various design only marks, and composite trademarks comprising the CHROME HEARTS mark and design components, including in relevant part the following U.S. federal trademark registrations (collectively, the "Chrome Hearts Marks"):

| Chrome Hearts' Mark | U.S. Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| "CH Plus" | 3,385,449 | 2/19/2008 | 014: Jewelry, namely, bracelets, rings, watch bands, necklaces and lighters made from precious metals. |
| "BS Fleur" | 3,894,026 | 12/21/2010 | 014: Jewelry, namely, rings, earrings, pendants, cuff bracelets, bracelets, necklaces, cuff links, watch bracelets, brooches, and dog tags for wear by humans for decorative purposes. |

20.   Attached hereto as **Exhibits A-B** are true and correct copies of the trademark registrations identified in paragraph 19 of this Complaint, which are

incorporated herein by reference.

21. Most, if not all, of Chrome Hearts' products feature trademarks owned and federally registered by Chrome Hearts, including the Chrome Hearts Marks. Chrome Hearts uses the Marks as source identifiers.

22. Chrome Hearts has always devoted substantial time, effort, and money to designing, developing, advertising, promoting, and marketing its products, and spends millions per year on advertising, promoting, and marketing the CHROME HEARTS® brand. Chrome Hearts advertises throughout the world, from social media to select high-end and artistic magazines. As a result of its efforts, Chrome Hearts has sold over a billion dollars' worth of goods, all bearing one or more of Chrome Hearts' federally registered trademarks, including the Chrome Hearts Marks.

23. Registrations for the Chrome Hearts Marks are valid, subsisting, and incontestable. Chrome Hearts was also able to obtain the trademark registrations for the Chrome Hearts Marks without proof of secondary meaning and thus they are inherently distinctive. Through longstanding use, advertising, and registration, the Chrome Hearts Marks have achieved a high degree of consumer recognition in the United States and the world over and constitute famous marks.

24. Chrome Hearts has continuously used the Chrome Hearts Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods. Accordingly, Chrome Hearts has used the Chrome Hearts Marks as a source identifier on various goods, including jewelry, for up to 37 years.

25. The Chrome Hearts Marks have come to identify, in the United States and throughout the world, high quality leather fashions, jewelry, apparel, and accessories designed and manufactured by Chrome Hearts. In turn, consumers

have come to identify the Chrome Hearts Marks as being associated with and originating from Chrome Hearts.

26. Due to Chrome Hearts' long use, extensive sales, and significant advertising and promotional activities, the Chrome Hearts Marks have achieved widespread acceptance and recognition amongst the consuming public and trade throughout the United States.

27. Chrome Hearts has achieved such fame as to be copied by others without authorization, including Defendants, as is the case with many other luxury brands. In the past five years, for example, Chrome Hearts has filed more than 100 lawsuits against defendants who infringed upon the Chrome Hearts Marks.

### B. Defendants' Infringing Conduct

28. The present lawsuit arises from Defendants' manufacture, production, marketing, distribution, advertisement, offering for sale, and/or sale of jewelry products that bear marks identical, substantially indistinguishable, or confusingly similar to one or more of the Chrome Hearts Marks ("the Accused Products"). Exemplars of the Accused Products are shown in comparison to authentic Chrome Hearts products bearing one or more of the Chrome Hearts Marks:

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /







*Examples of Accused Products*

29. Upon information and belief, Defendants are engaged in the promotion, marketing, advertisement, offer for sale, and/or sale of jewelry products, including the Accused Products, through their website (www.janleslie.com), Instagram (jan.leslie), and Facebook (Jan Leslie Jewelry), all of which are accessible to consumers throughout the United States, including those within this judicial district.

30. Upon information and belief, Defendants manufactured, distributed, offered for sale, sold, and shipped the Accused Products to consumers in this judicial district.

31. Chrome Hearts has not granted a license or given Defendants any form of permission to use intellectual property belonging to Chrome Hearts, including the Chrome Hearts Marks, in any way. Defendants used the Chrome Hearts Marks on the Accused Products without Chrome Hearts' permission.

32. The Accused Products that Defendants sold to various consumers within this District are very likely to cause confusion for consumers, including Plaintiff's customers, who, at the time of initial interest, sale, and/or in the post-sale setting are led to believe that the Accused Products are genuine goods originating from, associated with, and/or approved by Chrome Hearts due to the marks being identical, substantially indistinguishable, or confusingly similar to the Chrome Hearts Marks.

33. Defendants have been engaging in the above-described illegal and infringing activities negligently and/or knowingly and intentionally, with reckless disregard or willful blindness to Plaintiff's rights, and/or with bad faith, for the purpose of trading on the goodwill and reputation of the Chrome Hearts Marks and Plaintiff's authentic products.

34. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Defendants, the Accused Products, and Chrome Hearts.

35. Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Accused Products.

36. As a result of Defendants' activities Plaintiff has suffered substantial damages and has suffered and continues to suffer irreparable injury without an adequate remedy at law.

## FIRST CAUSE OF ACTION

**(Trademark Infringement and Counterfeiting Under the Lanham Act, 15 U.S.C. § 1114)**

37. Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

38. Defendants without authorization from Chrome Hearts have used and continue to use in commerce counterfeit (i.e., identical or substantially indistinguishable) imitations of the federally registered Chrome Hearts Marks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods; and/or designations that are confusingly similar to the Chrome Hearts Marks.

39. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Accused Products originate from, or are affiliated with, sponsored by, or endorsed by Chrome Hearts.

40. Upon information and belief, Defendants have acted with knowledge of Plaintiff's ownership of the Chrome Hearts Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

41. Defendants' acts constitute trademark infringement and counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

42. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

43. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

44. Defendants' acts have damaged and will continue to damage Chrome Hearts, and Chrome Hearts has no adequate remedy at law.

45. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Chrome Hearts Marks or any other marks identical, substantially indistinguishable, and/or confusingly similar thereto for

any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

46. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, and/or any marks identical, substantially indistinguishable, and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CAUSE OF ACTION

**(False Designation of Origin and False Descriptions – 15 U.S.C. § 1125(a))**

47. Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

48. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Accused Products is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Accused Products, and is intended and likely to cause such parties to believe, in error, that the Accused Products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Chrome Hearts.

49. The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

50. Upon information and belief, Defendants have made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

51. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

52. Defendants' acts have damaged and will continue to damage Chrome Hearts, and Chrome Hearts has no adequate remedy at law.

53. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks and/or any marks identical, substantially indistinguishable, and/or confusingly similar thereto, and to recover from Defendants all damages, including attorney's fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
### (Unfair Competition Under New York Common Law)

54. Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

55. Defendants' infringement of the Chrome Hearts Marks constitutes unfair competition in violation of the common law of the state of New York.

56. Defendants are competitors of Chrome Hearts and have copied the Chrome Hearts Marks in an effort to exploit Chrome Hearts' reputation in the market.

57. Defendants' infringing acts were intended to capitalize on Chrome Hearts' goodwill associated therewith for Defendants' own pecuniary gain. Chrome Hearts has expended substantial time, resources and effort to obtain an excellent reputation for its brand. As a result of Chrome Hearts' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Chrome Hearts.

58. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

59. Chrome Hearts has no adequate remedy at law to compensate it fully for the damages that have been caused, and which will continue to be caused by Defendants' infringing conduct, unless it is enjoined by this Court.

60. The conduct herein complained of was extreme, outrageous, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts' rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar conduct in the future.

61. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from infringing the Chrome Hearts Marks and to recover all damages, including attorney's fees, that Chrome Hearts has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CAUSE OF ACTION

### (Trademark Infringement Under New York Common Law)

62. Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

63. Chrome Hearts owns and enjoys common law trademark rights to the Chrome Hearts Marks in the State of New York and throughout the United States.

64. Defendants' misappropriation of Chrome Hearts' common law trademarks was intended to capitalize on Chrome Hearts' goodwill for Defendants' own pecuniary gain. Chrome Hearts has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks. As a result of Chrome Hearts' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Chrome Hearts.

65. Defendants' unauthorized use of the Chrome Hearts Marks has caused and is likely to cause confusion as to the source of Defendants' products due to the marks appearing identical, substantially indistinguishable, or confusingly similar to the Chrome Hearts Marks, all to the detriment of Chrome Hearts.

66. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

67. Defendants' acts constitute unfair competition under New York common law.

68. Chrome Hearts has no adequate remedy at law to compensate it fully for the damages that have been caused, and which will continue to be caused by Defendants' infringing conduct unless it is enjoined by this Court.

69. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts' rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

70. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using the Chrome Hearts Marks to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chrome Hearts LLC respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1. Entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

   a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products and/or any other products that bear marks the Chrome Hearts Marks, or any other marks identical to, substantially indistinguishable from, and/or confusingly similar thereto;

   b. engaging in any other activity constituting unfair competition with Chrome Hearts, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Chrome Hearts;

   c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Chrome Hearts;

      d. knowingly assisting, aiding or attempting to assist, or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs a through c above.

    2. Entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Chrome Hearts for destruction, or other disposition, all remaining inventory of the Accused Products, in addition to any other goods that infringe upon Chrome Hearts' rights to the Chrome Hearts Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

    3. Entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Accused Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Accused Products;

    4. Entry of an ORDER directing Defendants to file with this Court and serve on Chrome Hearts within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

    5. Entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts;

    6. An award of all profits that Defendants have derived from using the Chrome Hearts Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, an award of statutory damages pursuant to 15 U.S.C. § 1117 up to $2 million per trademark counterfeited and infringed, per type of good;

    7. An award of enhanced damages due to Defendants' willful infringement;

8. An award of applicable interest amounts, costs, disbursements, and/or attorneys' fees, as an exceptional case under 15 U.S.C. § 1117 or otherwise;

9. An award of fees and punitive damages to the full extent available in connection with Chrome Hearts' claims under New York law; and

10. Any such other relief that may be just and proper.

Dated: December 5, 2025        BLAKELY LAW GROUP

By:   */s/ Brent H. Blakely*
Brent H. Blakely (BB1966)
1108 Manhattan Ave, Unit B
Manhattan Beach, CA 90266
Telephone: 310-546-7400
***Attorneys for Plaintiff
Chrome Hearts LLC***

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chrome Hearts LLC hereby demands a trial by jury as to all claims in this litigation.

Dated: December 5, 2025            BLAKELY LAW GROUP

By: */s/ Brent H. Blakely*
Brent H. Blakely (BB1966)
1108 Manhattan Ave, Unit B
Manhattan Beach, CA 90266
Telephone: 310-546-7400
***Attorneys for Plaintiff***
***Chrome Hearts LLC***